United States District Court
for the
Southern District of Florida

| Lydia Belvis and others, Plaintiffs, | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | Civil Action No. 18-22155-Civ-Scola |
| Metropolitan Life Insurance | ) | |
| Company and Cesar Palomares, | ) | |
| Defendants. | ) | |

## Order Dismissing Complaint

Federal courts are obligated to conduct a preliminary examination of the record to determine that jurisdiction exists. *Kelly v. Harris*, 331 F.3d 817, 819 (11th Cir. 2003). Plaintiffs Lydia Belvis, Maria Belvis, Marylou Villacrusis, Humberto Belvis, and Leah Dorado contend, in their complaint, that this Court "has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the amount in controversy exceed $75,000.00 . . . and diversity of citizenship exists between the parties."[1] (Compl. ¶ 1, ECF No. 1, 1.) In reviewing the record, the Court finds the Plaintiffs' complaint demonstrates that the Court lacks subject-matter jurisdiction over this case.

According to the Plaintiffs' jurisdictional allegations, all five of them are Florida citizens. (Compl. at ¶¶ 4–8.) Fatal to their claims of diversity, however, the Plaintiffs also contend that Defendant Cesar Palomares is a Florida citizen as well. (*Id.* at 10.) Because this case, premised on diversity, involves a controversy in which the Plaintiffs and one of the Defendants are citizens of the same case, the Court lacks jurisdiction and therefore "must dismiss the action." *Beavers v. A.O. Smith Elec. Prod. Co.*, 265 F. App'x 772, 779 (11th Cir. 2008) (quoting Fed. R. Civ. P. 12(h)(3)); *Mulkey v. Land Am. Title Ass'n, Inc.*, 345 F. App'x 525, 526 (11th Cir. 2009) ("[B]ecause Plaintiffs failed to allege complete diversity between themselves and Defendants, the district court correctly determined that it could not exercise diversity jurisdiction over the case.").[2]

---

[1] The Plaintiffs also obliquely reference "28 U.S.C. § 2201, et. seq." as conferring jurisdiction. But the Declaratory Judgment Act does not itself confer jurisdiction. *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950). Instead, "[i]ts remedy may lie only if the court has jurisdiction from some other source." *Cat Tech LLC v. TubeMaster, Inc.*, 528 F.3d 871, 879 (Fed. Cir. 2008) (citing *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240 (1937)).

[2] The Court finds no indication that Palomares should, or even could, be dismissed from this case to salvage diversity. *Cornelius v. U.S. Bank Nat. Ass'n*, 452 F. App'x 863, 865 (11th Cir. 2011) ("[W]e have indicated that a district court's authority to dismiss a party who spoils complete diversity is permissive and discretionary.")

Additionally, the Court notes defects with respect to the Plaintiffs' allegations of Defendant Metropolitan Life Insurance Company's citizenship. The Plaintiffs allege Metropolitan "is and was a foreign company authorized to transact business in the State of Florida." (Compl. at ¶ 9.) This is insufficient to establish Metropolitan's citizenship for the purposes of diversity jurisdiction. The Court is unable to discern, to begin with, what type of business Metropolitan is from the face of the complaint. Is it a corporation, proprietorship, partnership, limited liability company or some other type of entity? The type of entity Metropolitan is has an impact, of course, on the Court's analysis of whether diversity jurisdiction exists. *E.g.*, *Carden v. Arkoma Assocs.*, 494 U.S. 185, 189-190 (1990) (pointing out the differences in how various entities are treated for the purposes of assessing diversity jurisdiction). By failing to specify what type of entity Metropolitan is, the Plaintiffs leave the Court unable to assess the Plaintiffs' allegations regarding its citizenship.

In any event, since the face of the complaint affirmatively demonstrates that the Court does not have subject-matter jurisdiction over this matter, the Plaintiffs' complaint is **dismissed**, albeit without prejudice. The Clerk is directed to **close** this case. Any pending motions are **denied** as moot.

**Done and ordered**, at Miami, Florida, on June 12, 2018.

_____
Robert N. Scola, Jr.
United States District Judge