United States District Court
for the
Southern District of Florida

| Lydia Belvis and others, Plaintiffs, | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | Civil Action No. 18-22155-Civ-Scola |
| Metropolitan Life Insurance | ) | |
| Company and Cesar Palomares, | ) | |
| Defendants. | ) | |

**Order Denying Motion to Set Aside and Denying Leave to Amend**

Plaintiffs Lydia Belvis, Maria Belvis, Marylou Villacrusis, Humberto Belvis, and Leah Dorado allege that Defendant Metropolitan Life Insurance Company improperly paid Defendant Cesar Palomares the proceeds of a life insurance policy belonging to non-party Maryann Belivis-Dagli. Their initial complaint claimed the Court had subject-matter jurisdiction over this action based on diversity jurisdiction. Notwithstanding this averment, the complaint went on to allege that Palomares is a citizen of Florida, like all of the Plaintiffs. Based on the clear lack of diversity between plaintiffs and defendants, the Court dismissed the complaint, without prejudice, for want of subject-matter jurisdiction.

The Plaintiffs now ask the Court to set aside the dismissal and to grant them the opportunity to amend their complaint. The Plaintiffs submit that their reference to diversity jurisdiction was "inadvertent[]." (Pls.' Mot. ¶ 2, ECF No. 5, 1.) They inform that the Court "actually has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 because this action arises under the laws of the United States, specifically the Federal Employees' Group Life [Insurance] Act, 5 U.S.C. §§ 8702, et seq." (*Id.* at ¶ 4.) The Plaintiffs have still not established subject-matter jurisdiction.

First, 28 U.S.C. § 1332 governs the jurisdiction of federal district courts based on diversity. As the Plaintiffs acknowledge, however, the parties in this case *are not diverse*.

Second, even assuming the Plaintiffs meant § 1331, instead of § 1332,[1] they have still failed to establish subject-matter jurisdiction. The Plaintiffs offer nothing to support their contention that their claims arise under FEGLIA and therefore under federal law. Under 28 U.S.C. § 1331, the "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws,

---

[1] The Court has trouble making this leap because the Plaintiffs' complaint was already dismissed based on their reliance on this statute section and, further, in addition to citing it in their motion, the Plaintiffs *again* cite § 1332 in their proposed amended complaint. Nonetheless the Court will afford them the benefit of the doubt.

or treaties of the United States." But, other than the Plaintiffs' claims for declaratory relief,[2] all of their other claims sound clearly in state law: "breach of insurance contract"; "intentional interference with an expectancy of inheritance"; "tortious interference with a contractual relationship"; "lack of capacity"; "insane delusion"; and "undue influence." Other than their conclusory jurisdictional claim, the Plaintiffs do not in any way connect their state-law claims to FEGLIA. Nor do they contend that FEGLIA itself confers subject-matter jurisdiction over their claims. Further the Court discerns no FEGLIA provision providing for a statutory right of action. Lastly, there is also no indication that the Plaintiffs' right to relief depends upon the resolution of a substantial question of federal law. *See Herrera v. Metro. Life Ins. Co.*, No. 11 CIV. 1901 LAK, 2011 WL 6415058, at *4 (S.D.N.Y. Dec. 19, 2011) (inferring Congress's intention that claims for benefits under a FEGLIA policy "would be brought in state courts absent the existence of diversity of citizenship"). In short, the Plaintiffs, even in their proposed amended complaint, have not come close to presenting a remotely arguable basis for this Court's jurisdiction. *Bus. All. For Responsible Dev. v. Storm Water Mgmt. Auth., Inc.*, 462 F. Supp. 2d 1186, 1189 (N.D. Ala. 2006) ("a mere reference to a federal statute under a state law claim does not create federal question jurisdiction"). They have not properly invoked § 1331 jurisdiction because they have not "plead a colorable claim 'arising under' the Constitution or laws of the United States." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006) (citations omitted). The Court denies the Plaintiffs' request for leave to amend because the amendment would be futile: the amended complaint still fails establish the Court's jurisdiction.

The Court thus **denies** the Plaintiffs' motion to set aside the Court's dismissal and **denies** the Plaintiffs' request for leave to amend their complaint (**ECF No. 5**).

**Done and ordered**, at Miami, Florida, on June 20, 2018.

_____
Robert N. Scola, Jr.
United States District Judge

---

[2] As the Court explained in a prior order, the Declaratory Judgment Act does not itself confer jurisdiction. *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950). Instead, "[i]ts remedy may lie only if the court has jurisdiction from some other source." *Cat Tech LLC v. TubeMaster, Inc.*, 528 F.3d 871, 879 (Fed. Cir. 2008) (citing *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240 (1937)).